IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN CLINTON, JR.,

    Plaintiff,

-vs-                                  CASE NO.: 6:15-cv-914-Orl-37-KRS

TRICARE,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JOHN CLINTON, JR., by and through his undersigned counsel, sues the Defendant, TRICARE, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like TRICARE from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. Unlike more conventional advertisements, SMS (Short Message Service) calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

7. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 ¶10).

8. Text messages are "calls" within the context of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009).

9. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC

every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

10. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

11. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

12. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

13. Venue is proper in this District because the Plaintiff resides in this District (Osceola County), the text messages were received in this District, and the Defendant transacts business in Osceola County, Florida.

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida, and resides in this District.

15. Defendant is corporation and a citizen of the State of Virginia with a principal place of business and/or office for transacting its business located at 7700 Arlington Boulevard, Suite 5101, Falls Church, VA 22042.

16. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Osceola County, Florida, by the Defendant's placing of illegal calls to Osceola County, Florida.

17. Defendant, at all material times, was attempting to notify an "Alexander Rivas" of upcoming medical appointments.

18. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (407) ***-7017, a Virgin Mobile account, and was the texted party and recipient of Defendant's robo-texts.

19. The robo-texts from Defendant came from admin@tricareonline.com

20. Plaintiff never expressly consented to Defendant's placing of unsolicited text messages to his cell phone.

21. Despite responding "Stop," "Unsubscribe," "Opt out," and` "remove" to the unsolicited text messages the text messages would continue unabated.

22. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by texting Plaintiff's cellular telephone number up to three (3) times a day from approximately February, 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

23. On April 30, 2015 Plaintiff called Defendant Tricare at 10:02 a.m., 10:03 a.m., and 10:09 a.m. The numbers dialed were 1-877-874-2273, 1-800-444-5445, and 1-800-600-9332, respectively. Plaintiff was unable to speak to a live representative at this time.

24.     On March 2, 2015 at 9:03 a.m. Plaintiff called Defendant Tricare at 1-877-874-2273 and spoke to Defendant's representative. Plaintiff informed this female representative that they had an incorrect number and the wrong person. Defendant's representative repeatedly asked for Plaintiff's social security number and name, and when she was not provided this information, she refused to assist Plaintiff in removing his number from the system.

25.     On March 3, 2015 at 12:22 p.m., Plaintiff called Defendant Tricare at 1-800-600-9332. Plaintiff was unable to speak to a live representative at this time.

26.     Plaintiff called Defendant Tricare at 1-800-600-9332 on March 6, 2015 at 9:11 a.m. and spoke with Defendant's representative. This female representative, who was a different representative than the Plaintiff spoke with prior, informed Plaintiff she would take his number off the list and try to help. Plaintiff thanked representative for her efforts, however the unsolicited text messages continued to Plaintiff's cellular telephone

27.     Plaintiff sent an email to Tricare on March 6, 2015 at 9:44 a.m. informing them the following:

"I am receiving annoying text messages and voice mails from Tricare for an individual who previously held a phone number that has now been assigned to my new phone. I am NOT Alexander Rivas. I am receiving Mr. Rivas doctor/pain clinic notices daily to my phone. This needs to stop. I have tried several avenues so far to try to get this to cease. Please update your records and disassociate your customer, Alexander Rivas, from phone number (407) ***-7017.

(407) ***-7017 is NOT Alexander Rivas.
Alexander Rivas can NOT be reached at (407) ***-7017

I am quite sure these notifications are important to Mr. Rivas, however he does NOT hold phone number (407) ***-7017

Please stop sending voice/and or text messages to (407) ***-7017
Remove (407) ***-7017from your records.

Alexander Rivas can NOT be reached at (407) ***-7017. It is no longer his phone number."

I do not know an Alexander Rivas, but I assure you that I am receiving his text/voice messages from your organization, and you need to update your records and remove (407) ***-7017 from

your contact and notification system. Mr. Rivas-wherever he may be-does not hold this phone number (407-***-7017) any longer.

I don't know how I can make this any more clear. I hope someone reads this.

I am not Alexander Rivas.

(407) ***-7017 does not belong to Alexander Rivas.

Stop sending Mr. Rivas' notifications and appointment information to phone number (407) ***-7017."

28. Plaintiff had a conversation with Defendant's representative on May 6, 2015 at 2:06 pm. during which he asked the representative to remove his number from all lists. The representative then told Plaintiff that he removed the number from "everywhere he could see it."

29. Plaintiff also filled out a "do not contact" form on TRICARE's website, yet the text messages persisted.

30. Each of the text messages the Defendant made to Plaintiff's cellular telephone number after March 6, 2015, was done so after Plaintiff informed Defendant they had an incorrect number and to stop texting or contacting.

31. On May 4, 2015 at 6:50 am Plaintiff received the following unsolicited text message from admin@tricareonline.com: "APPT REMINDER FOR ALEXANDER RIVAS 04 May 2015 08:40 PHYSICAL THERAPY CLINIC NH Camp Lejeune If you cancelled, please ignore." (see exhibit A)

32. On May 5, 2015 at 10:55 am Plaintiff received the following unsolicited text message from admin@tricareonline.com: "You'll get reminded 48-72 hours and 2 hours prior to appt ALEXANDER RIVAS 13 May 2015 09:30 PAIN MANAGEMENT CLINIC NH Camp Lejeune." Plaintiff responded 3 minutes later at 10:58 a.m. with "Stop! Unsubscribe!" (see exhibit B)

33. On May 6, 2015 at 10:09 am Plaintiff received the following unsolicited text message from admin@tricareonline.com: "APPT REMINDER FOR ALEXANDER RIVAS 06 May 2015 12:30 CHIRO-CAMP GEIGER NH Camp Lejeune If you cancelled, please ignore. SysID#2453." Plaintiff responded 2 minutes later at 10:11 a.m. with "Stop. Unsubscribe. Opt out. Please!" (see exhibit C)

34. On May 6, 2015 at 10:53 am Plaintiff received the following unsolicited text message from admin@tricareonline.com: "You'll get reminded 48-72 hours and 2 hours prior to appt ALEXANDER RIVAS 20 May 2015 08:30 CHIRO-CAMP GEIGER NH Camp Lejeune. Sysl." Plaintiff responded 5 minutes later at 10:58 a.m. with "Remove. Stop." (see exhibit D)

35. On May 15, 2015 at 9:19 am Plaintiff received the following unsolicited text message from admin@tricareonline.com: "APPT REMINDER FOR ALEXANDER RIVAS 18 May 2015 08:40 PHYSICAL THERAPY CLINIC NH Camp Lejeune If you cancelled, please ignore. Sysl." (see exhibit E)

36. On May 17, 2015 at 4:41 pm Plaintiff received the following unsolicited text message from admin@tricareonline.com: "APPT REMINDER FOR ALEXANDER RIVAS 20 May 2015 08:30 CHIRO-CAMP GEIGER NH Camp Lejeune If you cancelled, please ignore. SysID#2459." (see exhibit F)

37. On May 18, 2015 at 6:19 am Plaintiff received the following unsolicited text message from admin@tricareonline.com: "APPT REMINDER FOR ALEXANDER RIVAS 18 May 2015 08:40 PHYSICAL THERAPY CLINIC NH Camp Lejeune If you cancelled, please ignore. Sysl." (see exhibit G)

38. On May 20, 2015 at 6:20 am Plaintiff received the following unsolicited text message from admin@tricareonline.com: "APPT REMINDER FOR ALEXANDER RIVAS 20 May 2015

08:30 CHIRO-CAMP GEIGER NH Camp Lejeune If you cancelled, please ignore. SysID#2459." (see exhibit H)

39.     On May 20, 2015 at 6:53 am Plaintiff received the following unsolicited text message from admin@tricareonline.com: "You'll get reminded 48-72 hours and 2 hours prior to appt ALEXANDER RIVAS 16 Jun 2015 14:00 OPTOMETRY HADNOT BLDG 15 BMC Bldg 15 MC." (see exhibit I)

40.     On May 20, 2015 at 8:19 am Plaintiff received the following unsolicited text message from admin@tricareonline.com: "You'll get reminded 48-72 hours and 2 hours prior to appt ALEXANDER RIVAS 23 Jun 2015 13:00 CHIRO-CAMP GEIGER NH Camp Lejeune Sysl" (see exhibit J)

41.     Upon information and belief, specifically that the texts persisted despite Plaintiff's repeated responses to "stop" or "opt out," some or all of the texts the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

42.     The Defendant has a corporate policy to use an automatic system and to send robo-texts just as they did to Plaintiff's cellular telephone in this case, with no way for the texted party and recipient of the texts, or the Defendant, to permit the removal of the incorrect number.

43.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of robo-texts, well-beyond February, 2015, when Plaintiff first advised Defendant to stop texting Plaintiff.

44. Defendant's policy provided no means for the Plaintiff to have his cellular number removed from the list, or otherwise permit the cessation of and/or suppression of texts to Plaintiff.

45. Defendant knowingly employed methods which harass and abuse individuals and has set up their robo-texts in a manner which makes it virtually impossible for the robo-texts to stop.

46. Defendant knowingly employed methods that did not permit the cessation of or suppression of robo-texts to Plaintiff's cellular telephone.

47. The constant unsolicited text messages from Defendant even after being instructed to cease sending them indicates that Defendant either knowingly and/or willfully violated the TCPA.

## COUNT I
### (Violation of the TCPA)

48. Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-seven (47) above as if fully stated herein.

49. None of Defendant's robo-texts placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

50. Defendant violated the TCPA, with respect to all of its robo-texts made to Plaintiff's cellular telephone number. Plaintiff revoked consent to be contacted, and Plaintiff never provided prior express consent to contact him.

51. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the robo-texts made to Plaintiff's cellular telephone after Plaintiff notified Defendant on March 6, 2015 that they had an incorrect number and to stop contacting them.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRICARE, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

_/s/ TAG_____
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com